Martin, J.
This suit was commenced by an injunction obtained by the plaintiff against the defendant, the Sheriff of the parish, to stay proceedings on a writ of fi. fa., under which he had seized property of the husband of the plaintiff, against whom the latter had a judgment of separation of property, which gave her a mortgage superior to that resulting from the judgment on which the writ of fi. fa. had issued.
Taylor and others, the plaintiffs in the writ of fi. fa. intervened, and prayed for the dissolution of the injunction, on the ground that they were not made parties to the suit, and on account of the insufficiency of the affidavit and petition.
The Sheriff filed an exception on the ground, that he is without interest in the suit, and that the plaintiffs in the fi. fa. are not parties ; and he prays to be dismissed. The exception was overruled, and the intervening party appealed. The appeal was *11 dismissed on the ground that it was premature, the application of the intervening party not having been acted upon below, and no irreparable injury having resulted to him from the Sheriff’s exception being overruled.
The judgment of this court was entered on the minutes of the District Court, and the plaintiff having moved for the dismissal of her suit, which was accordingly entered at her cost, the intervening party has appealed, and made the plaintiff and Sheriff appellees.
The plaintiff and appellee has moved for the dismissal of the appeal, on the following grounds: 1st. That the record is not duly certified; 2d. That the appellants are not parties to the judgment appealed from, nor affected thereby; 3d. That the appeal was taken too late ; 4th. That there is no judgment on the appellants’ intervention or opposition; 5th. Because the citation of appeal was irregularly served on the Sheriff and appellee ; 6th. Because the appellant made no opposition to the dismissal or discontinuance of the injunction.
1. The clerk’s certificate states that the record contains copies of all the documents on file and of all the testimony.
2. The appellants intervened in the suit below, and thereby became parties thereto, praying for the dissolution of the injunction, 'for damages and costs. They are, therefore, affected by a judgment which dismisses the suit without any action on their claim for damages, and thus rejects their claim.
3. The judgment of dismissal now appealed from, was moved for and entered October 8,1842, but was not signed by the Judge until October 3, 1843, the very day on which the appeal was granted. Counting the year during which the appeal was in time, from the day the judgment was entered, the party had still five days to appeal in ; aud counting from the signature of the Judge, the year had just begun.
4. There is, as to the appellants’ opposition or intervention, a judgment against them which denies them what they ask, or, at least, refuses to allow it to them.
5. The irregularity in the service of the citation on the Sheriff would not authorize a dismissal of the appeal on his motion, much less on that of the plaintiff.
Watterston and Greiner, for the plaintiff.
Hoffman and H D. Ogden, for the appellants.
6. It does not appear, and it is denied by the appellant’s counsel, that the judgment of dismissal was given in his presence, or at the time of which he had notice.
It does not appear to us that the appeal ought to be dismissed. We are not to presume that other documents were used, than those on file ; and the motion for a judgment of dismissal was not followed by any trial. The first appeal by the intervening party in this suit, was granted on the 3d of May, 1842, and not dismissed until the 28th of March, 1843. In the meanwhile, to wit, on the 8th of October, 1842, the plaintiff moved for a judgment of dismissal, which was accordingly entered. This was, as far as it concerned the intervening party and appellant, a nullity, as the District Court was, as to him, ousted of its jurisdiction by the appeal, whatever might be the effect of the dismissal between the plaintiff and the Sheriff. On the 3d of October, 1843, the District Judge affixed his signature to the judgment, after the jurisdiction of his court was restored by the dismissal of the appeal.
We are of opinion that he erred. The intervening party having prayed for a dissolution of the injunction, and for interest and damages, was entitled to them, and could not be deprived thereof by the act of the plaintiff. We have taken no notice of the Sheriff, because he has not been cited, and nothing is asked against him.
It is, therefore, ordered and decreed, that the judgment permitting the plaintiff to dismiss her injunction, be annulled and reversed ; and that the cause be remanded to the District Court to be proceeded in according to law ; the plaintiff paying the costs of this appeal.