STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0070

JANIE BEAVERS, INDIVIDUALLY AND ON BEHALF OF
MINORS, KYNNEDY BEAVERS, KAMBRIE BEAVERS,
AND TRISTAN BEAVERS

VERSUS

THE HANOVER INSURANCE COMPANY AND
ANDRE M. LEDET

Judgment Rendered: _____OCT 0 8 2021_____

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 658,697

The Honorable William A. Morvant, Judge Presiding

* * * * *

| | |
|---|---|
| Marcus J. Plaisance<br>Mark D. Plaisance<br>Prairieville, Louisiana<br><br>Wm. Tyler Downing<br>Spencer H. Calahan<br>Baton Rouge, Louisiana | Attorneys for Plaintiffs-Appellants,<br>Janie Beavers, Individually and on<br>Behalf of Minors, Kynnedy Beavers,<br>Kambrie Beavers, and Tristan Beavers |
| Mark C. Dodart<br>Jeffrey A. Clayman<br>Arthur R. Kraatz<br>New Orleans, Louisiana | Attorneys for Defendant-Appellee,<br>The Hanover American Insurance Company |

* * * * *

BEFORE: WHIPPLE, C.J., WOLFE, AND HESTER, JJ.

**WOLFE, J.**

This is an appeal of a partial summary judgment holding that a personal umbrella liability supplement to a homeowner's policy did not provide coverage for plaintiffs/appellants' claims for damages arising out of a motor vehicle accident. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, an automobile accident occurred when Andre M. Ledet, traveling approximately 60 miles per hour in his 2016 Toyota Tundra pickup truck westbound on I-12 in East Baton Rouge Parish, rear-ended a car occupied by Janie Beavers and her children.[1] At the time of the collision, Janie's 2006 Honda Accord was at a complete stop in congested traffic on I-12. Andre's fault for the accident is undisputed; however, insurance coverage and damages for personal injuries sustained by Janie and her children are at issue.

Janie filed suit on June 13, 2017, naming The Hanover Insurance Company ("Hanover") and Andre as defendants. Andre was not served; thus, only Hanover answered the initial petition, alerting Janie that Andre's primary liability insurer was Allmerica Financial Benefit Insurance Company ("Allmerica") rather than Hanover. In the answer, Hanover also denied that Janie's claims exceeded the limits of the primary insurance and incorporated "all terms, conditions, limitations, and exclusions" in an alleged umbrella endorsement to a homeowners' policy.

Janie amended her petition to add Andre's liability insurer, Allmerica, as a defendant and to clarify and substitute the name of the alleged excess/umbrella insurer, Hanover American Insurance Company ("Hanover American"), as a defendant. Janie alleged that Hanover American provided an excess or umbrella policy that insured Andre at the time of the accident. On October 3, 2017, attorney

---

[1] Janie's minor children are Kynnedy Beavers, Kambrie Beavers, and Tristan Beavers.

2

Ronald J. White filed an answer to the amended petition on behalf of both Allmerica and Hanover, but not Andre or Hanover American, as those parties had not yet been served. Hanover denied that it had issued a policy that provided insurance coverage to Andre. Hanover and Allmerica further averred that the referenced insurance policies were the best evidence of their contents, incorporating all of the "terms, definitions, and exclusions."

Approximately two years later, and after Andre was deposed, Hanover American sent a reservation of rights letter on September 3, 2019, to its named insureds, Andre's parents, Todd and Rena Ledet. Hanover American informed Todd and Rena that after reviewing recent discovery, it was determined that the personal umbrella liability supplement to Todd and Rena's homeowner policy did not provide excess coverage for Andre's potential liability in the automobile accident. Hanover American further explained that, because: (1) Andre was not a named insured in the policy; (2) Andre was not a resident of his parents' home at the time of the accident; and (3) Andre was driving a vehicle owned by him at the time of the accident, the Hanover American policy did not provide excess coverage for Andre. Hanover American also explained that Andre had primary liability coverage for the accident under the liability policy issued to him by Allmerica, and that Andre would be defended pursuant to the Allmerica policy. Shortly after the reservation of rights letter was sent, the trial court signed an order allowing substitution of counsel for Hanover American, as it had now made an appearance of record. The trial court left the previous attorney White to continue representing Andre and Allmerica. Notably, the record reflects that Andre was not served until August 20, 2020, but he has never made an appearance or filed an answer on his behalf.

On February 19, 2020, Hanover American filed a motion for summary judgment seeking dismissal of all of Janie's claims against Hanover American since Janie would not be able to meet her burden of proving that Andre was an insured

3

under the Hanover American policy at issue. In support of its motion, Hanover American relied upon the affidavit of Kathleen Fuell, a liability adjuster for Hanover American, with attachments of a certified copy of the homeowners' policy issued to named insureds, Todd and Rena, and a copy of the title to Andre's pickup truck revealing that Andre was the sole owner of the vehicle. Hanover American also relied on Andre's deposition testimony wherein he stated that for three years, he had lived at a different address than his parents.

Neither Andre nor Allmerica opposed Hanover American's motion for summary judgment; however, Janie filed an opposition, arguing that Hanover American had waived its coverage defense by not asserting the defense until over two years after Janie filed her petition.[2] Many of the attachments to Janie's opposition memorandum were not proper summary judgment evidence.[3] Hanover American filed a reply memorandum, objecting to the inadmissible evidence[4] and emphasizing that Janie did not dispute the fact that Andre was not an insured under Hanover American's umbrella supplement. The trial court ultimately ruled in favor of Hanover American, granting summary judgment and dismissing Janie's claims against Hanover American with prejudice on October 7, 2020. Janie appealed,

---

[2] Janie also requested that the trial court grant a partial summary judgment in her favor, finding that Hanover American had waived its coverage defense. Hanover American objected to Janie's request in that it was procedurally defective, because it was not timely filed as required by La. Code Civ. P. art. 966(C)(1)(a). There is nothing in the record to indicate that the trial court considered Janie's cross motion for summary judgment and she has not raised this as an issue in this appeal.

[3] Pursuant to La. Code Civ. P. art. 966(A)(4), the only documents that may be filed in support of or in opposition to the motion for summary judgment are "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." The trial court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum, and the court shall consider all objections prior to rendering judgment. La. Code Civ. P. art. 966(D)(2). At the summary judgment hearing, the trial court stated it would not consider a late-filed affidavit by Janie's counsel nor the attachments regarding correspondence between counsel.

[4] Hanover American objected to the following attachments to Janie's opposition: (1) the police report; (2) photographs; and (3) letters, emails, and other correspondence between counsel.

4

asserting that the trial court erred in failing to find that Hanover American had waived its coverage defense.

## STANDARD OF REVIEW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. See La. Code Civ. P. art. 966(A)(3). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination. See **Huggins v. Amtrust Ins. Co. of Kansas, Inc.**, 2020-0516 (La. App. 1st Cir. 12/30/20), 319 So.3d 362, 365. We may only consider evidence that is admissible under the express provisions of La. Code Civ. P. arts. 966 & 967. **Huggins**, 319 So.3d at 365. Summary judgment is appropriate for determining issues relating to insurance coverage, which is a question of law. See La. Code Civ. P. art. 966(E). See also **Bosse v. Access Home Ins. Co.**, 2018-0482 (La. App. 1st Cir. 12/17/18), 267 So.3d 1142, 1145, and **Doiron v. Louisiana Farm Bureau Mut. Ins. Co.**, 98-2818 (La. App. 1st Cir. 2/18/00), 753 So.2d 357, 362 n. 2. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy under which coverage could be afforded. **Reynolds v. Select Properties, Ltd.**, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183.

## LAW AND ANALYSIS

An insurance policy is a contract between the parties and is subject to the basic rules of contract interpretation found in La. Civ. Code arts. 2045, *et seq.* Interpretation of a contract is the determination of the parties' common intent, as reflected by the policy's wording, and it is the parties' intent that determines the extent of coverage. La. Civ. Code art. 2045; **Bosse**, 267 So.3d at 1146. When the policy's wording is clear, no further interpretation may be made in search of the

5

parties' intent, and the policy must be enforced as written. La. Civ. Code art. 2046; **Bosse**, 267 So.3d at 1146. Further, the party seeking coverage under an insurance policy (in this case it is Janie) has the burden of proving the existence of coverage, which includes proving that the defendant (in this case it is Andre) is insured by the policy at issue. See **George S. May Int'l. Co. v. Arrowpoint Capital Corp.**, 2011-1865 (La. App. 1st Cir. 8/10/12), 97 So.3d 1167, 1171. Moreover, it is well-settled that unless a statute or public policy dictates otherwise, insurers may limit coverage in any manner they desire. See **Reynolds**, 634 So.2d at 1183.

Hanover American's summary judgment evidence included a certified copy of its homeowner's policy with an umbrella supplement that revealed the named insureds were Andre's parents, Todd and Rena. Hanover American's policy language refutes Janie's claim that Andre is insured under the umbrella coverage afforded to Todd and Rena. Hanover American's personal umbrella supplement provides, in pertinent part:

> INSURING AGREEMENT
> "We" will pay on behalf of the "insured" all losses for which the "insured" is legally liable in excess of the "Required Primary Underlying Insurance Limits[.]"

The "DEFINITIONS" section of the personal umbrella supplement contains the following relevant definitions:

> a. In this Supplement, "you" and "your" refer to:
>
> 1. the named "insured" shown in the Declarations; and
> 2. the spouse of the named "insured" if a resident of the same household.
>
> * * *
>
> m. "Insured" means:
>
> 1. "You" or a "relative" but such **"relative" is not an "insured" as to** the ownership, maintenance, or **use of an "auto"** or "watercraft" **owned by such "relative"**. [Emphasis added.]
>
> * * *
>
> v. **"Relative" means a person related to "you" by blood,** marriage or adoption **who is a resident of "your" household**. It includes a ward or foster child. [Emphasis added.]

6

Because the Declaration page only names Todd and Rena as named insureds, Andre is only an insured if he meets the definition of a "relative" under the personal umbrella supplement in Hanover American's policy. To qualify as a relative, Andre must be related by blood, marriage, or adoption to Todd and Rena, which he is. But the relative must also be a "resident of [Todd and Rena's] household," which Andre is not. Additionally, the Hanover American policy makes it clear that even if Andre is a "relative" of Todd and Rena, he is still not an insured under the personal umbrella supplement with respect to the use of an automobile owned by him. It is undisputed that the vehicle driven by Andre at the time of the collision with Janie was a pickup truck owned by him. The policy language is clear and the parties' intent, as reflected by the words of the policy, determines the extent of coverage. We find that Janie cannot satisfy her burden of proving that Andre is covered by the umbrella supplement to his parents' Hanover American homeowners' policy.

In response to Hanover American's motion for summary judgment on the lack of coverage for Andre, Janie did not offer any evidence or point to any facts that could support a finding that Andre was covered by Hanover American's policy; however, Janie attempted to show that Hanover American had waived its coverage defense. Janie specifically pointed to Hanover's July 2017 responses to her request for admissions concerning Andre's insurance coverage. Contrary to Janie's assertions, our reading of Hanover's admissions show that within one month of filing her lawsuit, Janie was informed by Hanover that Allmerica was the primary liability insurer for Andre, who had not yet been served, and that Hanover was not making an appearance or accepting service on behalf of Andre or Hanover American. Therefore, the undisputed facts do not reflect an insurer, with knowledge of a coverage defense, that assumed or continued an insured's defense without obtaining a reservation of rights to assert its coverage defense. See **Alexander v. Cornett**, 42,147 (La. App. 2d Cir. 7/11/07), 961 So.2d 622, 633-635, writ denied, 2007-1681

7

(La. 11/2/07), 966 So.2d 603. Additionally, in its responses and answers, Hanover clearly denied that Andre was covered by any umbrella or excess liability policy in effect at the time of the accident. Hanover's admission that an umbrella policy existed was not an admission that Andre was an insured. See **Turner v. Ewing**, 255 La. 659, 669, 232 So.2d 468, 472 (1970). Thus, Janie's argument that Hanover's conduct was in some way inconsistent with Hanover American's coverage defense is without merit. Since there is nothing in the record to indicate that Hanover or Hanover American ever purported to represent Andre or that Andre relied on Hanover or Hanover American to defend him, Hanover American did not waive its coverage defense. See **Alexander**, 961 So.2d at 635.

Whether Janie bore the burden of proof on the issue of Hanover American's coverage or in response to the showing made by Hanover American in its motion for summary judgment regarding its lack of coverage for Andre, Janie cannot rest on the mere allegations in her pleadings. Instead, she is required to show a genuine issue of material fact exists in order to preclude Hanover American's summary judgment. She failed to do so. See **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So.3d 522, 529. Accordingly, we find that the trial court correctly granted summary judgment in favor of Hanover American and dismissed Janie's claims against it.

## CONCLUSION

For these reasons, we affirm the trial court's October 7, 2020 summary judgment rendered in favor of The Hanover American Insurance Company and dismissing all of Janie Beavers and her children's claims against The Hanover American Insurance Company. Appeal costs are assessed against plaintiffs-appellants, Janie Beavers, individually and on behalf of her minor children. This matter is remanded to the trial court for further proceedings.

**AFFIRMED AND REMANDED.**

8